## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRANDON M. COOK,**<br><br>        *Plaintiff*,<br><br>-*v*-<br><br>**(1) JOE PETERS, JR., in his official and individual capacities;**<br>**(2) STANLEY GLANZ, in his official capacity as Sheriff of Tulsa County;**<br>**(3) TULSA PROMENADE LLC, a foreign limited liability company;**<br>**(4) GLIMCHER PROPERTIES CORPORATION, a foreign corporation;**<br>**(5) GLIMCHER PROPERTIES LIMITED PARTNERSHIP, a foreign limited partnership;**<br>**and**<br>**(6) GLIMCHER REALTY TRUST, a foreign real estate trust.**<br><br>        *Defendants*. | **Case No. 4:13-cv-00107-GKF-FHM** |
| | |

## DEFENDANT JOE PETERS, JR.'S MOTION TO WITHDRAW ADMISSIONS PURSUANT TO RULE 36 (b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The Defendant Joe Peters, Jr. ("Deputy Peters") moves the Court pursuant to Rule 36 (b) of the Federal Rules of Civil Procedure to allow withdrawal of his admissions to Plaintiff's Discovery Requests to Defendant Deputy Joe Peters, Jr. Withdrawal of these admissions would promote the presentation of the merits of this action and would not prejudice Plaintiff. In support, Deputy Peters submits the following brief.

## BRIEF IN SUPPORT

On or about August 23, 2013, Plaintiff presented discovery requests to Deputy Peters which included eleven requests for admission.  Through oversight of counsel, Deputy Peters' responses to Plaintiff's discovery did not include Deputy Peters' responses to the requests for admission.  However, throughout the course of this matter, including both before and after the subject requests for admission, Deputy Peters has denied the very substance of the requests.  Notwithstanding multiple conversations regarding the parties' discovery responses and extension of time to produce the same, at no time prior to Plaintiff's summary judgment response did Plaintiff's counsel address or otherwise mention the requests for admissions.  Now, in an effort to refute Deputy Peters' entitlement to summary judgment, including qualified immunity, Plaintiff seeks to have the requests deemed admitted.  Based upon the course of proceedings, impropriety of the requests and applicable authority, Deputy Peters requests the Court allow him to withdraw any deemed admissions.

On September 26, 2013, counsel for Plaintiff sent an email to counsel for Deputy Peters, Phil Rounds, requesting an update as to Deputy Peters' discovery responses.  Mr. Rounds advised counsel he would provide the same the next day.  In response, counsel stated, "Great, I am not worried about it as I know you will get it to me as soon as you can."  (See Exhibit "A," Emails, Email from Kirsten Palfreyman dated September 26, 2013).  Deputy Peters' discovery responses were subsequently submitted; however, Deputy Peters' responses to Plaintiff's requests for admissions were inadvertently not provided.  (See Exhibit "B," Affidavit of Phil Rounds).

On October 9, 2013, counsel for Plaintiff sent a letter to counsel for Deputy Peters identifying purported deficiencies with Deputy Peters' discovery responses.  (See Exhibit "C," Letter from Kristen Palfreyman dated October 9, 2013).  In the letter Plaintiff's counsel does not reference Deputy Peters' responses to Plaintiff's requests for admission.  Indeed, at no time prior to Plaintiff's response to Deputy Peters' Motion for Summary Judgment, did Plaintiff's counsel address or otherwise reference the responses to requests for admission.

2

In this context, it is important to emphasize interaction between counsel regarding discovery and other deadlines.  Similar to the exchange discussed above regarding Deputy Peters' discovery responses, Plaintiff's counsel sought and received an extension with respect to Plaintiff's discovery responses.  (See Exhibit "A," Emails, Email from Kirsten Palfreyman dated July 30, 2013).  Further, on July 12, 2013, Ms. Palfreyman advised that, "due to a calendaring issue," she "missed the expert identification deadline."  (See Exhibit "A," Emails, Email from Kirsten Palfreyman dated July 12, 2013).  As noted therein, neither counsel for Defendants objected to Plaintiff's request.  However, notwithstanding the open communication and extensions of courtesies between counsel with respect to deadlines, Plaintiff now seeks to use opposing counsel's oversight to his advantage.

Rule 36 (a) (3) of the Federal Rules of Civil Procedure provides that, unless a written answer or objection to a request for admission is served, a matter is admitted.  However, subsection (b) of the rule establishes:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

The Court has "considerable discretion" in allowing relief under this subsection.  *In re McGuiness*, 348 B.R. 768, 770 (Bankr. S.D. Ohio 2006).  *See also French v. United States*, 416 F. 2d 1149, 1152 (9th Cir. 1968); *Estell v. Williams Scotsman, Inc.*, 228 F.R.D. 668, 670 (N.D. Okla. 2005).

Relief under Rule 36 (b) is warranted in this matter for numerous reasons.  First, as illustrated above, the omission of Deputy Peters' responses to Plaintiff's requests for admission was a result of nothing more than mere inadvertence.  (See Exhibit "B," Affidavit of Phil Rounds).  Additionally, it is disingenuous for Plaintiff to employ subsection (a) (3) of Rule 36

3

given not only his counsel's failure to address or even reference the outstanding responses at any time prior to Plaintiff's summary judgment response, but also given the pleadings and other discovery presented in this matter.

Plaintiff's requests for admission were not utilized as a vehicle to remove unnecessary discovery as to undisputed facts or peripheral issues, but were addressed to the very legal issues disputed in this matter from day one. *See Lakehead Pipe Line Co. v. American Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997) (quoting *Kosta v. Connolly*, 709 F. Supp. 592, 594 (E.D. Pa. 1989) ("requests for admission are not to be employed as a means 'to establish facts which are obviously in dispute or to answer questions of law.'"). Plaintiff's requests included admissions relating to the reasonableness of Deputy Peters' alleged conduct, the proximate cause of Plaintiff's alleged injuries and otherwise relating to the legality of Deputy Peters' actions. (See Exhibit "D," Plaintiff's Discovery Requests to Defendant Deputy Joe Peters, Jr., at pp. 4-5).[1] These requests constitute a misuse of Rule 36. *See Driver v. Gindy Manufacturing Corp.*, 24 F.R.D. 473, 475 (E.D. Pa. 1959).

Nevertheless, Deputy Peters denied the substance of Plaintiff's requests for admission long before the requests were served. On March 13, 2013, Deputy Peters filed his Answer to Plaintiff's original Complaint. Therein, Deputy Peters admitted he tried to grab Plaintiff, but denied that he forcibly threw Plaintiff to the ground, that Plaintiff suffered any injuries as a result of the incident and that his alleged actions were unreasonable under the circumstances. (See Answer of Joe Peters, Jr. [Doc. 11], at ¶¶ 14, 16 and 24). In other words, over five months prior to Plaintiff's discovery requests, Deputy Peters denied the very substance of the majority of requests for admissions served upon him. Deputy Peters' denials were subsequently confirmed in his Answer to Plaintiff's Amended Complaint [Doc. 46] filed on August 30, 2013.

---

[1] In the requests, Plaintiff even goes so far as to obtain expert medical opinion from Deputy Peters. (See Exhibit "D," Plaintiff's Discovery Requests to Defendant Deputy Joe Peters, Jr., Request for Admission No. 2 - "Admit that on January 7, 2012, the Plaintiff suffered a broken back as a result of your seizure of him.).

Evidence presented in this matter through deposition testimony further refutes the requests Plaintiff now seeks to have deemed admitted.  Testimony from Plaintiff, Deputy Peters, Plaintiff's girlfriend and the mall security officer establishes that, during Deputy Peters' initial questioning, Plaintiff began walking away.  Deputy Peters attempted to grab Plaintiff's arm, but Plaintiff resisted his efforts by jerking his arm away.  Plaintiff then placed his hand in his pocket against Deputy Peters' instructions and continued resisting Deputy Peters' efforts to restrain him.  During the incident, Deputy Peters and Plaintiff fell to the ground.  Deputy Peters was, eventually, able to gain control over Plaintiff and take him to the mall security office, which Plaintiff actively resisted.  Paramedics were summoned and arrived within five minutes of dispatch, which was roughly twenty minutes after Deputy Peters' initial contact with Plaintiff. (See Motion for Summary Judgment and Brief in Support of Defendant Joe Peters, Jr., deposition testimony attached in support of Uncontroverted Fact Nos. 12-25).

It must also be emphasized that deeming certain of the requests admitted would effectively contradict *Plaintiff's own deposition testimony*.  For example, in Request for Admission No. 7, Plaintiff sought an admission from Deputy Peters that he was not committing an "arrestable offence."  However, during his deposition, Plaintiff testified as follows:

> **Q**      **Okay.  But there is no doubt -- but based on what you have told us, you knew that you were trespassing when you came back in, correct?**
>
> A      I knew that.
>
> **Q**      **Okay.  And so you had committed a crime?**
>
> A      Yes sir.
>
> **Q**      **All right.  Which gave Officer Peters probable cause to arrest you, correct?**
>
> A      Yes, sir.

(Exhibit "E," Deposition of Brandon Cook, pp. 118-19).

As described by the court in *Driver*:

> [I]t is well established that Rule 36 can be employed only in respect to questions of fact and then only when the facts are not in dispute. If a real dispute as to the facts does exist, Rule 36 may not be used. The Rule cannot be employed as a substitute for discovery or for the eliciting of evidence at trial.

*Driver*, at 475 (citations omitted). *See also Estell*, at 670 (quoting *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991)); *Sepatis v. City & County of San Francisco*, 217 F. Supp. 2d 992, 1007 (N.D. Cal. 2002); *Lakehead Pipe Line Co.*, at 458. The ultimate factual and legal issues addressed in Plaintiff's requests for admission to Deputy Peters were disputed long before the requests were served and subsequently through further discovery, including depositions.

Withdrawal of the deemed admissions in this matter is warranted as it subserves the presentation of the case on the merits and Plaintiff cannot be shown to suffer prejudice as a result of withdrawal. *See EEOC v. Baby Products Company, Inc.*, 89 F.R.D. 129, 130 (E.D. Mich. 1981). Rule 36 (b) "emphasizes the importance of having each action resolved on its merits, while at the same time assuring each party that its justified reliance upon admissions in preparation for trial will not operate to its prejudice." *Ameribanc Savings Banks v. Resolution Trust Corp.*, 858 F. Supp. 576, 581 (E.D. Va. 1994) (citation omitted).

In addressing the first element - presentation of the case on the merits - this Court, quoting *Ropfogel*, at 583, explained:

> "In considering whether the presentation of the merits will be facilitated by permitting an admission to be withdrawn, the court may look at whether the admission is contrary to the record of the case. The court may allow amendment or withdrawal of an admission when an admission is no longer true because of changed circumstances or when through an honest error a party has made an improvident admission. The court must also look at whether the effect of upholding the admissions would be practically to eliminate any presentation of the merits."

*Estell*, at 670. As discussed, the admissions are, indeed, contrary to the record in this matter. If Deputy Peters' denials set forth in his original Answer filed five months before the requests for admission were served were not unequivocal, they were, nonetheless, confirmed in his Answer

to Plaintiff's Amended Complaint and during his deposition testimony.  Plaintiff's attempt to refute the record and evidence presented throughout this matter based upon a technicality is wholly untenable.

Furthermore, withdrawal of the admissions would not amount to any prejudice to Plaintiff.  Plaintiff's litigation strategy in this matter was not sculpted pursuant to reliance upon the admissions.  *See Gwynn v. City of Philadelphia*, 719 F. 3d 295, 299 (3rd Cir. 2013).  The prejudice required under Rule 36 (b) is <u>not</u> that Plaintiff must now convince the jury of the truth of the matter, but rather the difficulty Plaintiff may face "'because of the sudden need to obtain evidence required to prove the matter that had been admitted.'"  *Estell*, at 670 (quoting *Gutting v. Falstaff Brewing Corp.*, 710 F. 2d 1309, 1314 (10th Cir. 1983)).  No such prejudice exists in this matter considering the discovery, including other written discovery and depositions, conducted by Plaintiff during the course of this matter.

As indicated in the draft of Deputy Peters' responses to Plaintiff's requests for admissions, attached to Exhibit "B" herein, the answers inadvertently not included with Deputy Peters' other discovery responses are consistent with pleadings filed on his behalf and his deposition testimony.  *See Ameribanc Savings Bank*, at 581.  Deeming the requests as admitted would effectively negate pleadings and evidence presented throughout the course of this matter and improperly deny Deputy Peters resolution of this matter on the merits, which includes his defense of qualified immunity.  Plaintiff has not presented, and cannot present, any evidence to support prejudice as a result of the requested withdrawal.

WHEREFORE, under the circumstances presented and pursuant to applicable authority, Deputy Peters requests the Court allow withdrawal of the admissions in accordance with Rule 36 (b).

Respectfully submitted,
/s/ *Scott B. Wood*
Scott B. Wood, OBA 12536
WOOD, PUHL & WOOD, PLLC
2409 E. Skelly Drive, Suite 200
Tulsa, Oklahoma  74105

7

*Tel* (918) 742-0808 / *Fax* (918) 742-0812
okcoplaw@aol.com

*Attorney for Defendant Joe Peters, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March, 2014, I electronically transmitted the foregoing/attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Stanley D. Monroe
Kirsten L. Palfreyman
William Pettigrew

There are no parties to this action who are not registrants in the ECF System.

*/s/Scott B. Wood*

Scott B. Wood

8